**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**NEIDY YADIRA CARRANZA CRUZ,**

Petitioner,

v. Civil No. **3:26CV867 (RCY)**

**WARDEN/FACILITY ADMINISTRATOR, *et al*.**,

Respondents.

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Neidy Yadira Carranza Cruz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition," ECF No. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement ("ICE"). In her Petition, Petitioner alleges, inter alia, that her detention without an individualized bond hearing violates due process. Pet. 6.[1] For the reasons set forth below, the Court will grant the Petition (ECF No. 1) on the ground that Petitioner's continued detention without an individualized bond hearing is unlawful.

## I. BACKGROUND

The facts alleged in the Petition are sparse. Petitioner entered the United States in July of 2021 and lived in Baltimore for about five years. Pet. 6. ICE arrested Petitioner on August 15, 2026, when she was on her way to work. *Id.* Petitioner was not involved in any pending immigration proceedings at that time, as her prior immigration case had been dismissed on March 8, 2023. *Id.* Petitioner has not been provided with any Form or other explanation for the legal basis for her detention, nor has she received an individualized bond hearing. *Id.* Petitioner has no

[1] The Court applies the pagination assigned by the CM/ECF system, and not that appearing on the original documents.

criminal record and is the mother of three daughters, the youngest of which is only two years old. *Id.* at 7.

Petitioner, proceeding *pro se*, filed the instant Petition in this Court on August 27, 2026, accompanied by a Motion for Temporary Restraining Order ("TRO Motion"). ECF Nos. 1, 2. On September 3, 2026, the Court issued a Memorandum Order directing that, on or before September 10, 2026, Respondents file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, Civil Case No. 3:25cv769 (E.D. Va. Feb. 3, 2026), ECF No. 19, or an Opposition or other responsive pleading. Order, ECF No. 4. The Court further denied Petitioner's TRO Motion as Moot in light of the standard injunctive relief ordered in conjunction with its directive to Respondents. *Id.* On September 9, 2026, counsel appeared on behalf of Petitioner.

On September 10, 2026, the Fourth Circuit published an opinion holding "that Section 1226, not Section 1225, applies to noncitizens who . . . have been present in the United States for years regardless of how they entered our country." *Lopez Garcia v. Guadian*, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026).

On September 10, 2026, Respondents timely submitted their Notice responding to the Court's September 3, 2026 Order. (ECF No. 6 ("Notice")). Consistent with the Court's Order, Respondents recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id*. at 1. Respondents also noted that they "are currently analyzing the Fourth Circuit's opinion [in *Lopez Garcia*] to determine the effect it has on future petitions." *Id*. at 2. Nothing further has been filed by any party.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme

Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The immediately dispositive question in the instant Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether she is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A). Respondents oppose the Petition by incorporating and relying on the arguments and rationale they advanced and which were rejected in *Ortega Miranda*, Case No. 3:25cv769, ECF No. 19. Specifically, it is Respondents' (incorporated) position that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *Ortega Miranda*, Case No. 3:25cv769, ECF No. 14 at 5–22.

Based on Respondents' representation that the facts of this case do not materially differ from those in *Ortega Miranda*, the Court finds that the Fourth Circuit's recent decision makes clear that, because Petitioner has been present in the United States since before her detention, and "Section 1226(a) properly governs the detention of noncitizens . . . present in the United States, regardless of how they came to be in our country," *Lopez Garcia*, 2026 WL 2661092, at *20, Petitioner's detention is governed by § 1226(a).

Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, during which an Immigration Judge must determine whether she poses a danger to the community and whether she constitutes a flight risk. 8 U.S.C. § 1226(a); 8

C.F.R. § 1236.1(d)(1). Unless an Immigration Judge renders such a determination, Petitioner's continued detention is unlawful.[2]

## IV. CONCLUSION

For the above reasons, the Court will grant the Petition (ECF No. 1) with respect to the request that Petitioner be given an individualized bond hearing. An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 23, 2026
Richmond, Virginia

[2] The Court does not find grounds or lawful avenue to order that the traditional burdens carried at such hearings be reversed, as Petitioner requests, *see* Pet. at 7, and so the Court does not grant that aspect of the relief sought.